UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DOCKET NO. 3:10cr145-MOC

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JERRY DEMARIO GUESS | ) | |

**THIS MATTER** is before the Court on the Government's Motion for Preliminary Order of Forfeiture for $26,269.95 in funds ("the Funds"), previously held by SunTrust Bank as the result of closure of one or more accounts held by, for the benefit of, or under the control of Defendant and/or an entity that he controlled, and turned over by SunTrust to the United States Marshals. The Government contends that the Funds constitute or are derived from proceeds of the wire fraud scheme to which Defendant pled guilty. For the reasons that follow, the Government's Motion is **GRANTED**.

**THE COURT FINDS** that the following background facts and excerpts from the record, and law support the Motion**:**

On October 6, 2011, Defendant pled guilty via Plea Agreement (Doc. No. 21) to, amongst other offenses, Count One wire fraud in violation of 18 U.S.C. § 1343. As detailed more fully in the Indictment (Doc. 1) against him, Defendant was charged for his role in a variety of offenses, including the Count One wire fraud scheme whereby Defendant used a purported "escrow" account to receive funds from victims during the course of what was essentially an advance-fee scheme whereby, from 2007 to 2010, Defendant induced victims to forward money for projects that did not exist.

As charged in the Indictment, one entity used in that scheme was Escrow Financial

Corporation (EFC). According to the Indictment, Guess owned and operated EFC, maintained a bank account in the name of EFC at Sun Trust Bank in North Carolina, and used EFC to receive funds provided by victims. For example, according to the Indictment, on March 6, 2008, the EFC account was the recipient of a $262,500 wire transfer.

The Indictment contained a Notice of Forfeiture and a finding by the Grand Jury of probable cause for a $1,760,000 forfeiture proceeds Money Judgment. Defendant generally agreed in Section 9 of his Plea Agreement to forfeiture. On February 1, 2013, this Court filed a Judgment in a Criminal Case (Doc. No. 43) whereby Defendant was ordered to forfeit a Money Judgment in the amount of $1,760,000 which, to-date, is still outstanding.

As set forth in the Motion and accompanying materials, following Judgment, Deputy United States Marshal Oleg Mitnitsky ("DUSM Mitnitsky") began to search for assets to satisfy the Money Judgment. After speaking with multiple law enforcement personnel and examining financial documents, DUSM Mitnitsky learned that, in 2008, Guess opened various Sun Trust Bank accounts under names of EFC, Guess Management Group (GMG) LLC, and Jerry Guess. DUSM Mitnitsky also learned that Sun Trust had believed that Guess was conducting fraudulent activity and closed the accounts in 2008. DUSM Mitnitsky also learned that Sun Trust held $26,269.95 in funds, as follows, that were remaining in the Guess-controlled accounts when they were closed in 2008: $16,319.95 derived from an EFC account and $9,950 derived from Guess Management Group and Defendant's personal accounts. Finally, DUSM Mitnitsky learned that Defendant had no known legitimate source of income in 2008. The docket entries pertinent to DUSM Mitnitsky's investigation—including the Warrant whereby Magistrate Judge David C. Keesler found probable cause for seizure of the Funds, the Application, the Affidavit, and the

Warrant Return—are attached as Exhibits A and B to the Motion.

The civil forfeiture provisions of Title 18 U.S.C. § 981(a)(1)(C) provide for forfeiture of wire fraud proceeds, and authorize forfeiture and are applicable in this criminal case by virtue of 28 U.S.C. § 2461(c). *See* 18 U.S.C. § 981(a)(1)(C) (providing for forfeiture of proceeds of "specified unlawful activity" identified in 18 U.S.C. § 1956(c)(7)); 18 U.S.C. § 1956(c)(7)(A) (incorporating the definition of "racketeering activity" under 18 U.S.C. § 1961(1) to define "specified unlawful activity"); 18 U.S.C. § 1961(1)(B) (identifying wire fraud as "racketeering activity"). The Government's burden of proof on forfeiture is preponderance of the evidence. *United States v. Cherry*, 330 F.3d 658, 669 (4th Cir. 2003); *United States v. Tanner*, 61 F.3d 231, 233 (4th Cir. 1995). The Court's "determination may be based on evidence already in the record, including [ . . . ] any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." Fed. R. Crim. P. 32.2(b)(1)(B); *see also United States v. Farkas*, 474 Fed. Appx. 349, 360 (4th Cir. 2013) (court may rely on trial record to determine forfeiture). The Government may satisfy the preponderance burden by both direct and circumstantial evidence. *United States v. St. Pierre*, 484 F.3d 75, 86 (1st Cir. 2007).

Courts use a nexus test to determine whether assets constitute or are derived from proceeds. *Farkas*, 474 Fed. Appx. at 359, *citing*, *Libretti v. United States*, 516 U.S. 29 (1995) and *Cherry*, 330 F.3d at 669-70. Courts use the "but for" test to determine whether there is a nexus between a crime and properties that the Government contends are proceeds. "Pursuant to this test, [assets] are considered proceeds and therefore deemed forfeitable if 'a person would not have [the assets] but for the criminal offense.'" *Id.* at 359-60 (summarizing Seventh Circuit, D.C. Circuit, Second Circuit, and Eastern District of Virginia case-law and quoting the Western

3

District of New York). Strict tracing from a particular criminal act to a particular asset is not required if the totality of the circumstances establish that the asset constitutes or is derived from proceeds. *See United States v. Smith*, 749 F.3d 465, 488 (6th Cir. 2014) (upholding forfeiture of cashier's checks drawn on Target Oil account when banking records showed that deposits of fraud proceeds into account greatly exceeded amount payable on checks and when Target Oil was used as a vehicle to commit fraud, so items connected to its revenue stream resulted directly or indirectly from fraud conspiracy); *United States v. Hailey*, 887 F. Supp. 2d 649, 653 (D. Md. Aug. 23, 2012) ("The government must trace the funds to the criminal course of conduct, but it need not trace them to a particular illegal act, to satisfy its burden."); *United States v. Farkas*, 2011 WL 51011752, at **3-5 (E.D. Va. Oct. 26, 2011) ("forfeiture provision is to be 'liberally construed to effectuate its remedial purpose;'" because Farkas's fraud enabled the business to remain *in business,* proceeds must be interpreted sufficiently broadly to capture gross receipts, even if receipts not directly attributable to a particular fraudulent loan), *aff'd*, 474 Fed. Appx. 349 (4th Cir. 2012); *Cf. United States v. Park*, 825 F. Supp. 2d 644, 648 (D. Md. 2011) (reasoning, on *ex parte* motion for a restraining order based on probable cause that assets were subject to forfeiture, that if a business would not have been solvent "but for the infusion of illegally-obtained funds, the entire business may be subject to forfeiture as the proceeds of the offense" and all of the assets of the business may be subject to forfeiture), *citing*, *United States v. Warshak*, 631 F.3d 266 (6th Cir. 2010) *and Farkas*, 2011 WL 5101752.

Here, based on the record in this case, the Government has satisfied the nexus test and preponderance standard. Specifically, the record includes (1) the Grand Jury finding of probable cause for forfeiture of the massive proceeds of the scheme; (2) the Judgment also

4

ordering forfeiture of the proceeds in the form of a money judgment; (3) Defendant's plea of guilty to Count One wire fraud, as well as the Plea Agreement whereby he agreed to cooperate in forfeiture; and (4) the Affidavit summarizing the source of the Funds at-issue as Defendant's account and his fraud entities' accounts at a time when Defendant derived income only from the fraud proceeds.

**WHEREFORE**, based on the aforementioned record whereby the Government has established, by a preponderance of the evidence, a nexus between the Defendant's Funds and the wire fraud scheme, the Government's Motion is **GRANTED** and the following property is ordered forfeited pursuant to Fed. R. Crim. P. 32.2(b):

> **$26,269.95 in funds seized from SunTrust Bank accounts held in the name of EFC, Guess Management Group LLC and Jerry Guess.**

Pursuant to 21 U.S.C. § 853(n)(1), the Government shall publish notice of this order; notice of its intent to dispose of the property in such manner as the Attorney General may direct; and notice that any person, other than the Defendant, having or claiming a legal interest in any of the above-listed forfeited proceeds must file a petition with the Court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in property that is the subject of this Order, as a substitute for published notice as to those persons so notified.

Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture. If no petitions are filed, this Order shall become final by operation of law as provided for in Fed. R. Crim. P. 32.2(c)(2).

Signed: March 17, 2015

Max O. Cogburn Jr.
United States District Judge